ARCHER, (TAYLOR v.) See Case No. 13,778.

ARCHER, (UNITED STATES v.) See Case No. 14,464.

---

## Case No. 509a.

### The ARCTIC.

[1 Brown, Adm. 347.] [1]

District Court, E. D. Michigan. Nov., 1871.

PRACTICE—SECURITY FOR COSTS IN WAGES CASES.

A seaman suing for his wages cannot be compelled to give security for costs for the sole cause that the amount claimed is small, and the indebtedness is denied in the answer.

In admiralty. Motion for security for costs. The libel in this case was for seaman's wages. The answer denied there was anything due to libellants. The claims, as set up in the libel, were for small amounts, being for $5, and $11.46, respectively. The motion was founded upon the facts that the claims set up are small in amount, and the denial of any indebtedness contained in the answer.

W. A. Moore, for the motion.
E. E. Kane, opposed.

LONGYEAR, District Judge. It is conceded that under rules 9 and 10 of this court, this motion is addressed exclusively to the discretion of the court. Unless the court is prepared to say that in all such cases where the amount claimed is small and the indebtedness is denied, without any showing of improvidence or bad faith in the bringing of the suit, security for costs shall be given, the motion in this case cannot be granted. The exemption of seamen from giving security for costs in suits for wages, under the proviso to rule 9, is general. No

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

distinction is made as to the amount claimed, and I can find no authority for the court to make any such distinction without an amendment or abrogation of the proviso. And to say that security shall be required in all cases where the indebtedness is denied by the answer, without any showing of bad faith, would be a practical abrogation of the proviso in a great majority of cases; because, that is usually the very question involved, and to try which the suit is brought.

Common seamen are often transient persons, having no fixed place of residence, and generally of no pecuniary responsibility, and therefore unable to give security. It is upon this presumed inability that the exception is founded. To require them to give security in all cases would be a virtual denial of justice, and would place them at the mercy of their employers. They must not, however, abuse the privilege; and in all cases where the presumption of their inability to give security is overthrown, or it is satisfactorily shown that bad faith has been practiced in bringing the suit, or that the suit was unnecessarily brought, the court would not hesitate to exercise the discretion reserved by rule 10, and require security to be given. See Wheatley v. Hotchkiss, [Case No. 17,483.]

Motion denied.

---

ARCTIC, Cargo of The, (CRAPO v.) See Case No. 3,361.

ARCTIC, The, (GEORGE v.) See Case No. 5,330.

ARCTIC OIL CO., (NATIONAL FILTERING OIL CO. v.) See Case No. 10,042.

ARCTURUS, The, (TIBBITTS v.) See Case No. 14,021.